LUCY McINTURFF et al. v. WADE GAHAGAN et al.

(Filed 26 January, 1927.)

1. Judgment—Estoppel—Parties—Subject-Matter—Issues.

Estoppel by judgment rests upon the identity of parties, subject-matters and issues between the judgment relied upon and the relief sought in the present action.

2. Same—Wills.

Where the deceased nonresident payee of a note refers thereto in his will with the provision that the maker "hold what he owes until both of our deaths and pay the interest to my wife . . . to support her as long as she lives": Held, a judgment in the court of foreign jurisdiction wherein the beneficiaries under the will were not made parties, that the maker keep the note, properly secured, lacks the essential elements of an estoppel in this Court for want of necessary parties, and from the judgment relied on it was impossible on this appeal to sufficiently determine the subject-matter.

3. Bills and Notes—Negotiable Instruments—Extension of Time—Contracts—Consideration.

The time of payment of a negotiable instrument may be extended by a proper agreement between the parties upon a valuable consideration for a definite period of time.

CIVIL ACTION before McElroy, J., at March Term, 1926, of MADISON.

The plaintiff, Lucy McInturff, is the duly appointed receiver of the personal property of S. S. Shelton, deceased, and her coplaintiff, Mary Hampton, is executrix of the will of S. S. Shelton.

On 13 November, 1916, and on 14 November, 1916, William C. Cook and Wade Gahagan executed and delivered to S. S. Shelton promissory notes for $1,000 and for $850.00. The form of the notes are alike and each note is in words and figures as follows: "Without grace, on 14 November, 1917, for value received, we, or either of us, promise to pay to the order of S. S. Shelton, one thousand dollars.

"Negotiable and payable at the Bank of French Broad, Marshall, N. C., with interest at 6 per cent per annum, after maturity, until paid. The drawers and endorsers severally waive presentment for payment, and notice of protest, and nonpayment of this note, and all defenses on the ground of extension of the time of its payment that may be given by the holder or holders to them or either of them."

In 1922, after maturity of said notes, S. S. Shelton, the payee therein, died, domiciled in the State of Tennessee. The will of S. S. Shelton was offered in evidence at the trial and contains this clause pertinent to the controversy: "W. C. Cook to hold what he owes until both of our deaths and pay the interest to my wife, Mrs. S. S. Shelton, to support her as

long as she lives." At her death, the defendant, Cook, was directed to pay out the money to the parties named in the will.

The plaintiffs duly filed certified copy of their appointment as receiver and executrix of the will of S. S. Shelton in the Superior Court of Madison County, and an order was duly made approving the bond of the receiver and permitting her to institute an action against the defendant on said notes. These notes, at the time of the death of S. S. Shelton, were in the hands of his wife, Margaret Bell Shelton, who sent them for collection to the Bank of French Broad, Marshall, N. C., the place of payment named in the notes. The notes were returned by the bank with the information that the executors of the Gahagan estate had refused to pay them.

The trial judge found that the estate of Gahagan was solvent and intimated to the plaintiffs that they were not entitled to recover. Whereupon, they excepted and appealed.

*John A. Hendricks for plaintiffs.*
*G. V. Roberts, C. B. Mashburn and James E. Rector for defendants.*

BROGDEN, J. The will of S. S. Shelton was construed by the Chancery Court of Greenville, Tennessee, in an action entitled, Mary Hampton, Executrix, v. Margaret Bell Shelton et al. The judgment in that decree provided: "But in case of the W. C. Cook note, he will be allowed the preference to keep the amount, on condition he keeps it properly secured." It is contended that this is *res adjudicata.* It does not appear from the record that either the defendant, Cook, or the defendant, Gahagan, or his executors were parties to that suit. No document appears in the record except the judgment and it is impossible to determine what the subject-matter of the suit was.

Estoppel by judgment arises upon the following essentials:

1. Identity of parties; 2, identity of subject-matter; 3, identity of issues. *Hardison v. Everett,* 192 N. C., 371.

No such identity sufficient to constitute estoppel by judgment appears upon this record.

The controlling question presented to the trial court and upon this appeal, is whether or not the clause in S. S. Shelton's will, referring to the Cook note, legally extends or postpones the time of payment or collection of said notes until the death of the testator's wife.

The notes were promissory notes, dated on 13 and 14 of November, 1916, and due on 14 November, 1917. The language relied upon as constituting the agreement to extend the time of payment is the following words of the will of S. S. Shelton, the payee, to wit: "W. C. Cook to hold what he owes until both of our deaths and pay the interest to my wife, Mrs. S. S. Shelton, to support her as long as she lives."

The time of payment of promissory negotiable notes may be extended by a proper agreement upon a valuable consideration for a definite period of time. An analysis of this record will disclose, in the first place, that there has been no agreement to extend the time of payment of these notes. The will of S. S. Shelton did not take effect until his death. There is no evidence of any agreement between the defendants, and the payee, Shelton, prior to his death, and a posthumous or ex parte declaration in a will, which does not take effect until after the death of the testator, could not be deemed an agreement between the parties. Neither can the language of the will be construed as a gift of the notes to the defendant, W. C. Cook, for the reason that the parties who are to receive the proceeds of the notes are named and designated in the will.

Indeed, if the language of the will could be construed as an agreement to extend the time of payment, it would be unenforceable by virtue of the fact that it was without consideration. There is no element of benefit to the promisor or detriment to the promisee which would support the agreement. *Scott v. Fisher,* 110 N. C., 311; *Piner v. Brittain,* 165 N. C., 401; *Institute v. Mebane,* 165 N. C., 648; *Roberson v. Spain,* 173 N. C., 23; *Exum v. Lynch,* 188 N. C., 392.

Therefore, there being no valid and enforceable agreement to extend the time of payment of these negotiable instruments, the judgment is

Reversed.